UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| MARSHALL JACKSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 1:16-cv-02732-WTL-MJD |
| BRUCE LEMMON Commissioner, DOC SCOTT BRENNEKE, DEPARTMENT RECORD COORDINATOR individual and official capacities, | ) | |
| Defendants. | ) | |

**Entry Discussing Motion to Strike**

Before the Court is the plaintiff's motion to strike the defendant's affirmative defenses. The motion has been fully briefed. This motion [dkt. 15] is **granted in part and denied in part.**

**I. Proper Defendants**

As a preliminary matter, the complaint reflects that the plaintiff has sued the following defendants: 1) Bruce Lemmon, former Commissioner of the Department of Correction, in his official and individual capacities; and 2) Scott Brenneke, Department Record Coordinator, in his individual and official capacities.

An official capacity claim against the defendant individuals as employees of the Indiana Department of Correction would in essence be against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003) (the state is not a "person" that can be sued

under 42 U.S.C. § 1983). Although, there are circumstances under which the plaintiff could seek prospective injunctive relief from an individual defendant in his official capacity, those circumstances are not present in this case because no ongoing violation of Mr. Jackson's constitutionally protected rights that can be identified given the facts alleged. *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.*, 603 F.3d 365, 371 (7th Cir. 2010)(J. Hamilton). To the contrary, the injury – inability to present a product liability action to the court – has already occurred and Mr. Jackson is no longer incarcerated. Further, the defendants report that Mr. Jackson's medical records have been discovered and are now available to him. Under these circumstances, any official capacity claim is frivolous and subject to dismissal. "District judges have ample authority to dismiss frivolous or transparently defective suits [or claims] spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 762 (7th Cir. 2003)(*citing Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)). Simply put, nothing can be gained by the plaintiff including an official capacity claim in this action at this time.

Under these circumstances, the defendants' suggestion that substitution of the official officeholder is necessary is denied as moot. Any objection to this statement of the defendants must be filed by **May 2, 2017**.

The **clerk is directed** to update the docket to reflect that the only defendants in this action are Bruce Lemmon and Scott Brenneke in their individual capacities. All other defendants are dismissed.

## II. Affirmative Defenses

The plaintiff seeks to strike the affirmative defenses raised in the answer. Generally, motions to strike are disfavored because they potentially serve only to delay. *Heller Fin. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). But where motions to strike remove unnecessary clutter, they serve to expedite, not delay. *Id.* The defendants raise eight affirmative defenses, each is considered below. Accordingly, the motion to strike is **granted in part and denied in part** consistent with the following:

Affirmative Defenses #1 and #6-8.

Affirmative Defense #1. The Complaint fails to state a claim upon which relief can be granted.

This defense is better understood when read alongside the complaint and paired with affirmative defense numbers 6-8.

Affirmative Defense #6. Defendants are entitled to qualified immunity from damages under 42 U.S.C. §1983 with respect to any claim for damages by the plaintiff based upon federal constitutional principles or federal law because their actions were objectively reasonable and did not violate clearly established principles of law.

Affirmative Defense #7. The purported action pursuant to 42 U.S.C. § 1983 as against Defendants fails to state an actionable claim for relief because there is no personal involvement alleged and there is no liability in an action under § 1983 absent direct personal involvement in the facts giving rise to the action; there is no respondeat superior liability in an action under 42 U.S.C. § 1983.

Affirmative Defense #8. Plaintiff's claims for punitive damages are barred because Plaintiff is not entitled to punitive damages on any claims against Defendants in their individual capacities.

These affirmative defenses shall not be stricken, but no relief is warranted based on the submission of the answer until such time as the defendants present specific legal arguments in a motion for judgment on the pleadings or a motion for summary judgment. At such time, the plaintiff will have an adequate opportunity to respond.

Affirmative Defense # 2-5

Affirmative Defense #2. Plaintiff's own actions or negligence, or that of a nonparty, contributed to the cause of any alleged injury, if any are found to exist.

Affirmative Defense #3. Plaintiff failed to mitigate any alleged damages or injuries, if found.

Affirmative Defense #4. Some or all of Plaintiff's claims are barred by the Indiana Tort Claims Act.

Affirmative Defense #5. Plaintiff has waived any claims against Defendants by his own actions.

The defendants explain that these defenses are affirmative defenses in tort and sufficient on the face of the pleadings because they present questions of law and fact. These defenses are **stricken** because **no state law tort claim** has been raised in the complaint. The claim in this action is that the defendants violated the plaintiff's constitutional rights by denying him access to the courts and by denying him timely access to his medical records. These claims are brought pursuant to 42 U.S.C. § 1983. No state law claims are alleged.

If the plaintiff believes that he asserted state law claims in this action, he should notify the court in writing by **May 2, 2017.**

The motion to strike is **granted** to the extent that Affirmative Defense numbers 2, 3, 4, and 5, are stricken. The motion to strike is **denied** in all other respects.

**IT IS SO ORDERED.**

Date: 4/12/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

MARSHALL JACKSON
827 Country Lane
Anderson, IN 46013